

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

▬▬▬▬▬▬▬▬
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial:* ▬▬▬▬▬▬

**UNREDACTED BRIEF —
TO BE FILED UNDER SEAL**

November 4, 2025

Hon. Michael E. Farbiarz, U.S.D.J.
Frank Lautenberg Post Office
 & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

     Re: United States v. John Doe, Crim. No. 25-691

Dear Judge Farbiarz:

  The defendant in the above-captioned criminal case (hereinafter referred to by the fictitious name, "John Doe") ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Please accept this letter brief in lieu of a more formal submission in support of the Government's motion seeking to have the Court: (1) seal the ECF docket entry with respect to the fact that the defendant has been charged in this case and has been released on bond, (2) refer to the defendant as John Doe on ECF; and (3) file this document under seal. For the reasons set forth below, the Government respectfully submits that the Court should grant the motion. This motion is being filed with the consent of defense counsel.

## BACKGROUND

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



2



## LEGAL ANALYSIS

The Supreme Court has regularly recognized that the press and public have a qualified right of access to various proceedings in criminal cases. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580–81 (1980) (finding that lower court's restriction on public access was improper because it failed to: (a) recognize First Amendment right of public and press to attend criminal trials; (b) make proper findings supporting closure of courtroom; and (c) consider alternatives to closure); Press-Enter. Co. v. Superior Ct. of California, Riverside Cty, 464 U.S. 501, 510–13 (1984) (addressing partial closure of voir dire proceeding in criminal case, and finding that lower court was required to make findings concerning overriding interest supporting closure and consideration of alternatives prior to closing courtroom). However, the right of access is not unconditional. Certain situations, such as the instant matter, may present compelling facts that support anonymizing and sealing portions of the docket. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (the party seeking to seal any part of a judicial record bears the heavy burden of showing "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure").

Before a Court may close the proceedings, or, as requested here, seal the docket and refer to the defendant as John Doe, it must provide adequate notice to the public. United States v. Criden, 675 F.2d 550, 554 (3d Cir. 1982); see also United States v. Antar, 38 F.3d 1348, 1350 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire prematurely because it did not provide advance notice, conduct a hearing, and make factual findings on the record); United States v. Raffoul, 826 F.2d 218, 223–25 (3d Cir. 1987) (extending Criden requirements to closure motions made during criminal trials). After giving the public ample time to respond, the Court also must

explain, on the record, its reasons "for rejecting alternatives to closure." <u>Criden</u>, 675 F.2d at 554; see also <u>United States v. Doe</u>, 63 F.3d 121, 128 (2d Cir. 1995).

The Government is not asking that the Court close the proceedings. However, the Third Circuit has held that the qualified right of access to judicial proceedings "applies with equal force to the issue of access to judicial documents." <u>United States v. Kushner</u>, 349 F. Supp. 2d 892, 897–901 (D.N.J. 2005) (citing <u>United States v. Smith</u>, 776 F.2d 1104, 1111–12 (3d Cir. 1985)); see also <u>United States v. Thomas</u>, 905 F.3d 276, 282 (3d Cir. 2018) ("the First Amendment right of access applies to plea hearings and, by extension, to documents relating to these hearings. The right of access, though, is presumptive and not absolute, and it can be overcome where there is 'cause shown that outweighs the value of openness.'" (citations omitted) (quoting <u>United States v. Smith</u>, 123 F.3d 140, 147 (3d Cir. 1997))); <u>Smith</u>, 776 F.2d at 1110–13.

## SEALING PROCEDURE

Local Civil Rule 5.2(10)(b) provides this Court with the authority and procedure to partially seal the corresponding docket.[3] Local Civil Rule 5.2(10)(b) provides:

> Criminal Documents. Documents subject to sealing must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a CD containing the document in PDF. A motion to file a document under seal, and the order of the Court authorizing the filing of documents under seal, may be filed electronically, unless prohibited by law. A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under ECF. Specifically, Local Civil Rule 5.3 governs "any request by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." Local Civil Rule 5.3(a). The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings." <u>Id.</u>

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access. In sum and substance, the

---

[3] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure, as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

4

procedure is as follows. To start, "[a]ny request by a party, parties or nonparty to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a case-by-case basis, including any non-party which has produced materials as to which it seeks to restrict public access. . . . Any motion and supporting papers to seal or otherwise restrict public access shall be available for review by the public."

Such a motion must include an affidavit that sets forth, with particularity, the following: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." Local Civil Rule 5.3(c)(3). Proposed findings of fact and conclusions of law must also be submitted. See Local Civil Rule 5.3(c)(3).

Local Civil Rule 5.3 also contemplates temporary sealing pending a decision on a motion to seal. Specifically, Local Civil Rule 5.3(c)(4) provides that "[a]ny materials deemed confidential by a party or parties and submitted under temporary sealing subject to a motion to seal or otherwise restrict public access shall be filed electronically under the designation 'confidential materials' and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(C). When a document to be filed contains both confidential and non-confidential information, an unredacted version of that document shall be filed under seal." Local Civil Rule 5.3(c)(4). Interested parties can move to intervene pursuant to Fed. R. Civ. P. 24(b) "before the return date of any motion to seal or otherwise restrict public access." Local Civil Rule 5.3(c)(5).

Finally, "[a]ny order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(3) above as well as other findings required by law and shall be filed electronically under the designation 'order' or 'opinion to seal.'" Local Rule 5.3(c)(6).

Notably, Local Civil Rule 5.3(e) addresses the permissibility of sealing the docket itself. Under Local Civil Rule 5.3, "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule." Hence, the Court can seal any and all entries but cannot seal the docket itself.

## THE INSTANT MOTION

The United States, through the instant motion, seeks to have the Court partially seal the docket as to the entry of the information, this motion, any

5

forthcoming plea agreement, and/or refer to the defendant as John Doe on ECF. In support of this motion, the United States provides the following facts:

1. █████████████████████████████████████████

2. █████████████████████████████████████████

3. █████████████████████████████████████████

4. █████████████████████████████████████████

5. These facts demonstrate a substantial need to partially seal the docket, and override the qualified First Amendment right of the public and press to access certain documents.

6. There is no alternative in this matter that will protect the interest at stake. █████████████████████████████████████████

The Government is proposing restricting access in a narrowly tailored manner. ███████████████████████████████████████ Moreover, the Government seeks to seal only the documents and transcripts as long as necessary to protect that interest. In this regard, the Government is submitting redacted versions of this brief and proposed order. In addition, the Government is requesting that the Court only seal or redact documents ████████████████████ ███████████████████████ such as the information, plea agreement, and other documents related to his eventual guilty plea.

The Government submits that these facts demonstrate, under the legal standards set forth above, an extraordinary situation with compelling government and private interests that justify the information and other docket entries except for the redacted version of the cover letter for this motion, a redacted version of this letter brief, and redacted proposed orders, and also refer to the defendant as "John Doe" on ECF. The Government further submits that the transcript of the hearing and other sealed documents should remain sealed until such time as the identity of John Doe is

publicly disclosed in connection with John Doe's testimony in open court or, otherwise, until the public docketing of the sealed pleadings do not present a substantial risk of compromising John Doe's safety.

The Government has conferred with John Doe's counsel regarding the requested relief. His counsel joins in the Government's motion.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court: (1) execute the attached redacted [Proposed] Order #1, which (a) instructs the Clerk's Office to temporarily caption the matter "*United States v. John Doe*" while the motion is being considered, and temporarily seal all ECF docket entries while the motion is being considered, except for the redacted cover letter, redacted letter brief, redacted [Proposed] Order #1, and executed redacted Order #1; (b) set a return date to provide the press and public their due process notice so that any party has ample time to file their motion to intervene or file briefs in support of any motion; (2) hold a hearing, on the papers or in Court, in Your Honor's discretion, regarding the motion; and (3) grant the motion and execute the redacted [Proposed] Order #2, which instructs the Clerk's Office to caption the matter "*United States v. John Doe*," until otherwise ordered by the Court, and seal all ECF docket entries, except for the redacted cover letter, redacted letter brief, redacted [Proposed] Order #1, executed redacted Order #1, redacted [Proposed] Order #2, and executed redacted Order #2, until otherwise ordered by the court.

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Assistant United States Attorney

cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮